## Nashville Grain & Feed Company v. American Cooperative Association, et al.

(Decided May 30, 1924.)

### Appeal from Daviess Circuit Court.

1. Sales—Where Purchaser Did Not Intend to Pay, Seller could Treat Sale as Nullity, and Recover from Assignee, Unless for Value Without Notice.—Where purchaser obtained goods without any intention or reasonable expectation of paying for same, seller upon discovery of fraud had right to treat contract of sale as nullity and recover property, and assignee of purchaser could defend only upon ground that it was innocent purchaser for value without notice.

2. Sales—Transferee of Bill of Lading Held Not Innocent Purchaser for Value.—Association, taking bill of lading in payment of obligation long past due from one known to be dishonest, held not innocent purchaser for value as against shipper.

R. M. HOLLAND, WILBUR K. MILLER and WILLIAM HOWARD EWING for appellant.

T. F. BIRKHEAD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Upon the trial of this action of claim and delivery before the court without a jury, the petition was dismissed, and plaintiffs have appealed.

The undisputed facts are these: In February, 1920, plaintiff and appellant feed company, of Nashville, Tenn., by written contract, sold to J. N. Jackson, a merchandise broker of Owensboro, Ky., 400 sacks of mixed feed known as "Red Dog," for which he agreed to pay $1,200.00. In accordance with the terms of the contract, the bill of lading, with sight draft attached, was sent to the United States National Bank at Owensboro. Upon arrival of the merchandise in Owensboro, Jackson sent the following telegram to plaintiffs:

"Shipment arrived to my surprise shippers order as Mr. Booth arranged to ship straight is sold to four inland merchants that cannot unload on account of roads I will pay freight and store until roads clear if you will release draft and save demurrage I will be responsible for same and collect for you details by mail release at once by wire."

Thereupon plaintiff agreed that the bill of lading should be delivered to Jackson if he would sign a 30-days' trade acceptance, which he did, and received the bill of lading entitling him to possession of the feed. Some two or three months theretofore, Jackson, as a merchandise broker, had sold and agreed to deliver to the defendant, American Cooperative Association, at Owensboro, a carload of feed known as "shorts," and for which the association paid him $1,300.00 upon his false representation that the car was in transit from Evansville to Owensboro. The association had been attempting to collect this money from Jackson, and were threatening him with criminal prosecution if he did not refund same when it learned that he had obtained the

bill of lading from plaintiffs for the 400 sacks of Red Dog mixed feed, and which it induced him to transfer to it in satisfaction of its claim against him. It thereby secured possession of the Red Dog mixed feed here involved. When Jackson's trade acceptance became due and same had been protested for nonpayment, plaintiff's representative went to Owensboro and then learned of the above facts, and that Jackson had left Owensboro. It thereupon demanded that the defendant, American Cooperative Association, surrender possession of the Red Dog feed, which was refused, and this litigation followed.

It is clear from the record that Jackson obtained the goods from plaintiff without any intention or reasonable expectation of paying for same, and with the design of cheating plaintiff out of same; that having thus obtained the Red Dog feed from plaintiff, he turned same over to defendant to avoid threatened criminal prosecution for obtaining money from it some months theretofore upon fraudulent representations.

In these circumstances we think plaintiff, upon discovery of the fraud that had been practiced upon it, clearly had the right to treat the contract of sale as a nullity, and to bring such an action as this for the recovery of the property, if same had still been in Jackson's possession. Crozier's Ass'ee v. Cromie, 14 K. L. R. 858; Brown v. Popham, 15 K. L. R. 543; Dietz's Ass'ee v. Sutcliffe, 80 Ky. 650, 4 K. L. R. 567; American-German National Bank v. Gray & Dudley Hardware Co., 129 Ky. 105, 110 S. W. 393.

This being true, it seems equally clear that Jackson's assignee, in possession of the goods, could defend only upon the ground that it was an innocent purchaser for value, without notice. American-German National Bank v. Gray Hardware Co., *supra;* Kirkpatrick's Ex'r v. Rehkoph Saddlery Co., 144 Ky. 129, 137 S. W. 862.

While the court did not say so in so many words, it is evident from its separate findings of law and fact that it concluded from the evidence that the defendant association was a *bona fide* purchaser for value without notice. In so holding, we think the lower court was clearly in error.

Defendant knew from experience that Jackson was dishonest, and was threatening him with criminal prosecution for the fraud practiced upon it when the goods

obtained from plaintiff in the same way arrived in Owensboro with the bill of lading attached to a sight draft, and without which Jackson could not get possession of the goods. As soon as this bill of lading was released to Jackson, it was turned over to the defendant. Jackson never had actual possession of this merchandise, and defendant did not pay him anything therefor, but only released him from an obligation long since past due, with knowledge, as we think must be inferred from all the facts and circumstances, that he had not paid, and did not intend to pay, plaintiff therefor.

We are therefore of the opinion that the defendant association was not an innocent purchaser for value, and that it occupied no better position than would have Jackson in resisting plaintiff's claim of title and right of possession to the property.

Wherefore the judgment is reversed, and the cause remanded for a new trial consistent herewith.